UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GERALD ENGLISH,<br><br>                                        Plaintiff,<br><br>v.<br><br>THE CITY OF NEW YORK; DETECTIVE SEKOU BOURNE (Tax No. 924971), NARCOTICS BOROUGH QUEENS SOUTH; DETECTIVE NOVONIL CHOWDHURY (Tax No. 953755), NARCOTICS BOROUGH QUEENS SOUTH; DETECTIVE NANDPAUL PERSAUD (Tax No. 953247), NARCOTICS BOROUGH QUEENS SOUTH; and JOHN DOES 1-5,<br><br>                                        Defendants. | Case No. 24-cv-05436<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

**PRELIMINARY STATEMENT**

1.     Plaintiff Gerald English ("Plaintiff") files this action against Defendants, New York City Police Department Detectives Sekou Bourne, Novonil Chowdhury, and Nandpaul Persaud, and John Does 1-5, each in their individual capacities (the "Individual Defendants"), and the City of New York (collectively, with the Individual Defendants, the "Defendants").

2.     On May 9, 2023, at approximately 11:00 p.m. in front of Hotel Pergola, located at 183-02 Jamaica Avenue, Queens County, New York, Plaintiff, while seated in the driver's seat of a parked 2016 Acura SUV (the "Acura"), was unlawfully, dangerously, and aggressively approached by two unmarked police vehicles driving against traffic, and then seized at gunpoint by at least two plainclothes police officers.

3.     Displaying no indicia of law enforcement, the undercover officers poured out of the vehicles, pointed their firearms at Plaintiff's head, violently ripped Plaintiff from the Acura, and slammed him against the car. They then handcuffed, illegally searched, and wrongfully arrested

Plaintiff, charging him with an alleged violation of New York Penal Law § 220.03 (Criminal Possession of a Controlled Substance in the 7th Degree).

4. When Plaintiff, stunned and confused, tried to determine the cause of Defendants' outrageous behavior, one of the Defendants stated, in sum and substance, that "the car wasn't right" and that "the car was not insured"—upon information and belief, a false pretext to cover up the Defendants' knowingly unlawful conduct, as in fact, the car was properly registered and insured.

5. The following day, in furtherance of the Defendants' false and pretextual narrative, Defendant Bourne swore in a criminal complaint that Defendant Chowdhury had informed him that the Acura was parked in a "No Standing Zone."

6. Once the pretext was exposed, all criminal charges against Plaintiff were thereafter dismissed.

7. This was not an isolated or outlier incident. In fact, Defendants Bourne and Chowdhury have a pattern and practice of acting unlawfully, violating the civil rights of citizens such as Plaintiff, on numerous prior occasions.

8. Defendants' unlawful conduct violated Plaintiff's rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, as well as Article I of the New York State Constitution. Defendants aggressively targeted Plaintiff, using a non-moving traffic infraction as a pretext, used grossly unreasonable force upon him, and wrongfully arrested him, causing him damage.

9. Accordingly, Plaintiff seeks compensatory and punitive damages, attorneys' fees and costs, and such other and further relief as the Court deems just and proper, as remedies for Defendants' unlawful conduct.

## JURISDICTION & VENUE

10. This action arises under 42 U.S.C. §§ 1983 and 1988.

11. Jurisdiction lies in this Court under its federal question and civil rights jurisdiction under 28 U.S.C. §§ 1331 and 1343.

12. This Court also has jurisdiction over Plaintiff's state law claims, pursuant to its pendent or supplemental jurisdiction, pursuant to 28 U.S.C. § 1367.

13. On August 4, 2023, within ninety (90) days after the claims alleged in this complaint arose, Plaintiff caused a verified Notice of Claim to be duly served upon the Comptroller of the City of New York, pursuant to New York General Municipal Law § 50.

14. At least thirty (30) days have elapsed since service of the Notice of Claim, and adjustment or payment of the claims has been neglected or refused by Defendant City of New York.

15. This action is being commenced within one (1) year and ninety (90) days after the occurrence of the events upon which the claims are based.

16. Venue is proper in this Court under 28 U.S.C. § 1391, because Plaintiff's claims arose within the Eastern District of New York, and the City of New York is located in and subject to personal jurisdiction in this District.

## JURY DEMAND

17. Plaintiff demands trial by jury in this action.

## PARTIES

18. Plaintiff, Gerald English, is a sixty-one-year-old black man, resident of Freeport, New York, and a citizen of the United States. Plaintiff has been employed as a barber at Cutty's Barbershop, located in the Briarwood section of Queens, for over thirty (30) years.

19. Defendant City of New York is a municipal corporation existing under the laws of the State of New York.

20. Defendant City of New York operates the City of New York Police Department ("NYPD"), a department or agency of Defendant City of New York, responsible for the appointment, training, supervision, promotion, and discipline of police officers, detectives, and supervisory police officers.

21. At all times relevant herein, Defendants Sekou Bourne (Tax No. 924971), Novonil Chowdhury (Tax No. 953755), and Nandpaul Persaud (Tax No. 953247) were NYPD detectives assigned to Narcotics Borough Queens South. These Individual Defendants were responsible for the unlawful approach, detention, and use of force against Plaintiff.

22. John Does 1-5 were NYPD officers, detectives, or supervisors who authorized, ordered, participated in, or were otherwise involved in the events underlying this lawsuit.

23. At all times relevant herein, Defendants Bourne, Chowdhury, Persaud, and John Does 1-5 were NYPD officers, detectives, or supervisors who authorized, ordered, participated in, or were otherwise involved in the events underlying this lawsuit.

24. At all times relevant herein, Defendants Bourne, Chowdhury, Persaud, and John Does 1-5 were, and were acting as, agents, servants, and employees of Defendant City of New York and the NYPD.

25. At all times relevant herein, all Defendants were acting under the color of state law.

## STATEMENT OF FACTS

26. On May 9, 2023, shortly before 11:00 p.m., Plaintiff was riding in the front passenger seat of the Acura, driven by his girlfriend ("Companion"), who parked the car in front of the Hotel Pergola at 183-02 Jamaica Avenue, Queens, New York.

27. Plaintiff then got out of the car and went into Hotel Pergola to deliver a heating pad to a friend who was temporarily residing in the hotel.

28. While waiting for Plaintiff to return, the Companion got out of the driver's side of the Acura, moved to the front passenger's seat, took out her laptop, and attended to work on her computer.

29. Thereafter, and from the front passenger's seat, the Companion observed several police officers exiting Hotel Pergola. The Companion then lowered the window and asked one of the officers whether she should move the Acura from where it was parked. An officer responded, in sum and substance, that moving the vehicle was not necessary.

30. A few minutes later, at approximately 11:00 p.m., Plaintiff came out of the Hotel Pergola and returned to the Acura. Upon noticing his Companion working on her laptop in the front passenger's seat, Plaintiff proceeded to the other side of the car, opened the door, and sat in the driver's seat. The Acura was parked, its engine was off, and it was facing north on Jamaica Avenue.

31. Moments later, two (2) unmarked vehicles heading southbound on Jamaica Avenue (the opposite direction of traffic) dangerously sped across two (2) lanes of southbound traffic, over the double yellow line, and across two (2) additional lanes of northbound traffic before slamming on the brakes, coming just short of crashing into the Acura, inside of which Plaintiff and his Companion were seated. Plaintiff (and his Companion) were terrified.

32. The Individual Defendants, all dressed in plain clothes, then jumped out of the unmarked vehicles with firearms drawn and aimed—frighteningly—at Plaintiff's and his Companion's heads, screaming hysterically at Plaintiff and his Companion to open the doors of the Acura.

33. At this point, the unmarked vehicles did not display any police lights or sirens, nor did any Individual Defendants identify themselves as members of the NYPD.

34. Plaintiff, terrified, believed that he was about to be shot and killed in an armed robbery. At this point he did not remotely suspect that his assailants were, in fact, NYPD officers, the Defendants herein.

35. Upon opening the Acura door, Plaintiff was ripped from the driver's seat, spun around, and thrown back onto the vehicle, face first. Plaintiff's arms were then pulled behind his back and he was handcuffed while Defendants rifled through his pockets and belongings. Guns remained trained on Plaintiff's head the entire time.

36. As Plaintiff pleaded with Defendants to justify their aggression, a Defendant muttered, in sum and substance, that the reason for their actions was that the Acura was not insured. That was false.

37. Plaintiff was unarmed and at no point resisted the Individual Defendants.

38. After unlawfully searching Plaintiff, Defendant Persaud claimed that he recovered a plastic bag containing four (4) glassine envelopes from the inside breast pocket of Plaintiff's jacket.

39. Plaintiff was unlawfully arrested after the illegal search and transported to the 103rd NYPD Precinct for processing. He was later sent to Central Booking at the Queens County Criminal Courthouse.

40. Plaintiff was then charged in Queens County with an alleged violation of New York Penal Law § 220.03 (Criminal Possession of a Controlled Substance in the 7th Degree), a misdemeanor.

41. In the criminal complaint, Defendant Bourne swore under oath that the justification for stopping Plaintiff—as set forth above, with multiple officers screaming and having their guns drawn and aimed at Plaintiff's head—was because the Acura was parked in a "No Standing Zone."

42. On January 25, 2024, the Queens County District Attorney's Office dismissed all charges against Plaintiff, and the matter was sealed.

43. The above horrific events were not an isolated episode. In fact, Defendants Bourne and Chowdhury have an extensive and recidivist history of violating the constitutional rights of ordinary citizens such as Plaintiff.

44. Upon information and belief, Defendant Bourne has been the subject of no fewer than ***eleven (11) prior lawsuits*** brought by civilians against him, Defendant New York City, and others. Every one of these lawsuits resulted in significant monetary settlements in favor of the plaintiffs, collectively totaling approximately $600,000.

45. Upon information and belief, Defendant Chowdhury likewise has been named in ***seven (7) prior lawsuits*** brought by civilians against him, Defendant New York City, and others. At least five (5) of those actions have resulted in settlements collectively totaling approximately $200,000. At least one (1) lawsuit remains pending, and the status of the other is unknown.

46. Defendants Bourne and Chowdhury have been named together in lawsuits filed against New York City and the NYPD, showing that they have a history of conspiring together to violate the constitutional rights of citizens, such as Plaintiff.

47. Plaintiff suffered damages as a result of Defendants' actions. Defendants' actions traumatized Plaintiff and damaged Plaintiff psychologically and emotionally, causing him fear, humiliation, anxiety, sadness, loss of freedom, debasement, and suffering.

## FIRST CLAIM

### (Against All Defendants for Unreasonable Force)

48. Plaintiff incorporates by reference and re-alleges each of the allegations set forth in the preceding paragraphs.

49. On or about May 9, 2023, Defendants used force upon Plaintiff in an objectively unreasonable fashion, causing Plaintiff harm.

50. The Individual Defendants acted with actual malice and under color of state law.

51. The Individual Defendants' conduct occurred during the course of and within the scope of their duties and functions as police officers, acting as agents and employees of Defendant City of New York.

52. Accordingly, Defendants are liable to Plaintiff for using unreasonable force, in violation of Plaintiff's federal rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, and in violation of Plaintiff's New York State rights under Article I, §§ 1, 6, 11, 12 of the New York Constitution.

## SECOND CLAIM

### (Against All Defendants for False Arrest)

53. Plaintiff incorporates by reference and re-alleges each of the allegations set forth in the preceding paragraphs.

54. At no relevant time did Plaintiff commit a crime or violation.

55. Despite Plaintiff's innocence, on or about May 9, 2023, Defendants arrested Plaintiff without probable cause.

56. Plaintiff was conscious of his confinement and did not consent to it.

57. The Individual Defendants acted with actual malice and under color of state law.

58. The Individual Defendants' conduct occurred during the course of and within the scope of their duties and functions as police officers, acting as agents and employees of Defendant City of New York.

59. Acting individually and in concert, the Defendants deprived Plaintiff of his rights by subjecting him to false arrest, in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, and under Article I, §§ 1, 6, 11, 12, of the New York Constitution. Accordingly, Defendants are liable to Plaintiff for false arrest.

### THIRD CLAIM

**(*Monell* Claim Against Defendant City of New York)**

60. Plaintiff incorporates by reference and re-alleges each of the allegations set forth in the preceding paragraphs.

61. Defendant City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

62. Defendant City of New York maintains a custom or practice and policy of failing to train, supervise, and discipline police officers who conduct unconstitutional and unreasonable searches and seizures in pursuit of arrests, which caused Plaintiff to suffer the loss of liberty described in this Complaint.

63. These customs or practices, policies, or procedures were implemented or tolerated by policymaking officials for Defendant City of New York, including but not limited to, the New York City Police Commissioner, who were aware that Defendants and certain other members of the NYPD are unfit officers with a history and propensity for unconstitutional conduct, and that such unfit officers have been inadequately trained.

64. The aforementioned policymaking officials had the knowledge and the notice, alleged in the preceding paragraph, based upon numerous civil lawsuits regarding the conduct at

issue, resulting in significant verdicts or settlements, numerous judicial decisions discussing these issues, and formal reports, among other bases of notice.

65. Notwithstanding the above, Defendant City of New York was deliberately indifferent in its failure to train, supervise, and discipline the officers.

66. The aforesaid policies, procedures, practices, and customs of Defendant City of New York, and its NYPD, resulted in the aforesaid violations by the Individual Defendants of Plaintiff's constitutional rights.

67. By virtue of the foregoing, Defendant City of New York is liable for having substantially caused the violations of Plaintiff's constitutional rights and his constitutional injuries.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a jury trial and the following relief against the Defendants:

(a) Compensatory damages against all Defendants, jointly and severally, in an amount to be determined at trial;

(b) Punitive damages against the Individual Defendants, jointly and severally, in an amount to be determined at trial;

(c) Costs, disbursements, and reasonable attorneys' fees under 42 U.S.C. § 1988 and the inherent powers of this Court;

(d) Pre-judgment and post-judgment interest; and

(e) Such other and further relief as this Court deems just and proper.

| | |
|---|---|
| Dated: New York, New York<br>August 2, 2024 | **WALDEN MACHT HARAN & WILLIAMS LLP**<br><br>By: _/s/ Jeffrey A. Udell_<br>Jeffrey A. Udell<br>Marc Armas<br>Mary Diaz<br>250 Vesey Street, 27th Floor<br>New York, NY 10281<br>Tel: (212) 335-2045<br>judell@wmhwlaw.com<br>marmas@wmhwlaw.com<br>mdiaz@wmhwlaw.com<br><br>*Attorneys for Plaintiff Gerald English* |