UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x
GERALD ENGLISH,

|  |  |  |
|---|---|---|
|  | Plaintiff, | **OPINION AND ORDER** |
| -against- |  | 24-CV-5436 |
|  |  | (Merle, J.) |
| CITY OF NEW YORK, *et al.*, |  | (Marutollo, M.J.) |
|  | Defendants. |  |

------------------------------------------------------------------------- x
**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

Plaintiff Gerald English brings this civil rights action against Defendants City of New York and NYPD Detectives Sekou Bourne, Novonil Chowdhury, and Nandpaul Persaud, as well as John Does 1-5 (collectively, "Defendants"), pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and Article I of the New York State Constitution. *See* Dkt. No. 1. Plaintiff alleges false arrest, excessive force, and municipal liability in connection with his arrest on May 9, 2023 in Queens, New York. *See id.* Plaintiff alleges that "Defendants' actions traumatized Plaintiff and damaged Plaintiff psychologically and emotionally, causing him fear, humiliation, anxiety, sadness, loss of freedom, debasement, and suffering." *Id.* ¶ 47.

Presently before the Court is Defendants' motion to compel Plaintiff to "provide a blanket [] release" pursuant to N.Y. Crim. Proc. Law § 160.50 ("the § 160.50 Release") related to Plaintiff's prior arrests and incarceration history. *See* Dkt. No. 20. Specifically, Defendants requests that the Court compel Plaintiff to provide the § 160.50 Release "within two weeks" and further, that the Court "warn [P]laintiff that the Court will dismiss the complaint for failure to prosecute the case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure should plaintiff fail to respond by the new deadline." *Id.* at 2.[1]

---

[1] Page citations are to the ECF-stamped pages.

For the reasons set forth below, the Court grants in part and denies in part Defendants' motion.

I. **Relevant Background**

The Court assumes the parties' familiarity with the allegations contained in this action.

On June 5, 2025, Defendants moved to compel the § 160.50 Release. *See* Dkt. No. 20. Defendants argue that "records regarding [P]laintiff's prior arrests and incarcerations that resulted in dismissals, if any, are likely sealed pursuant to N.Y. Crim. Proc. Law § 160.50." *Id.* at 1. Defendants contend that "without a release for sealed arrest and criminal prosecution records, [D]efendants may be unable to obtain information regarding prior instances in which plaintiff was arrested and incarcerated." *Id.* Defendants note that "[a]s [P]laintiff is asserting a claim for false arrest, and seeking money damages pertaining to this claim, [P]laintiff's prior arrest history is reasonably calculated to lead to the discovery of relevant and admissible evidence." *Id.* Defendants further contend that "any prior arrests and incarcerations may demonstrate that [P]laintiff's purported damages, particularly any damages for mental anguish attendant upon arrest and imprisonment, were mitigated by any prior incarcerations and encounters with the criminal justice system." *Id.*

Plaintiff objects to Defendants' request for the § 160.50 Release "on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence." *Id.* at 2. Plaintiff notes that "[i]n false arrest cases, and for the purpose of assessing a plaintiff's emotional damages, courts in the Second Circuit only allow a narrow and limited inquiry into a plaintiff's arrest history, with respect to information such as arrest dates and duration of periods of incarceration." *Id.* Plaintiff adds that "Defendants are not permitted to inquire into the nature of the arrests, or ask any other questions related to plaintiff's prior arrests or convictions." *Id.* (citing

2

*Phillips v. City of New York*, 871 F. Supp. 2d 200, 207 (E.D.N.Y. 2012) and *Edwards v. City of New York*, No. 08-CV-2199 (TLM), 2011 WL 2748665, at *4 (E.D.N.Y. July 13, 2011)).

### II.     Legal Standard

"Federal Rule of Civil Procedure 26(b)(1), as amended on December 1, 2015, recognizes that '[i]nformation is discoverable . . . if it is relevant to any party's claim or defense and is proportional to the needs of the case.'" *Trooper 1 v. New York State Police*, No. 22-CV-893 (LDH) (TAM), 2024 WL 165159, at *4 (E.D.N.Y. Jan. 16, 2024) (quoting Fed. R. Civ. P. 26(b)(1) Advisory Committee Note to 2015 Amendment).

"Information is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc.*, 325 F.R.D. 36, 47 (E.D.N.Y. 2018) (citing *Vaigasi v. Solow Mgmt. Corp.*, No. 11-CV-5088 (RMB) (HBP), 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016)); *see also Muslims on Long Island, Inc. v. The Town of Oyster Bay*, No. 25-CV-428 (SJB) (JMW), 2025 WL 1582250, at *3 (E.D.N.Y. June 4, 2025) ("Under the amended rules, [r]elevance is still to be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense.") (internal quotations and citations omitted). "Relevance is a matter of degree, and the standard is applied more liberally in discovery than it is at trial." *New Falls Corp. v. Soni*, No. 16-CV-6805 (ADS) (AKT), 2020 WL 2836787, at *2 (E.D.N.Y. May 29, 2020). "The party seeking discovery bears the burden of demonstrating its relevance." *Colony Insurance Company v. Oz Solutions*, No. 24-CV-1935 (PAE), 2025 WL 1565384, at *2 (S.D.N.Y. June 3, 2025) (citations omitted).

**III.     Discussion**

Plaintiff's arrest and incarceration history is relevant to the claims and defenses in this action and is proportional to the needs of the case.

Since Plaintiff here "seeks damages for emotional distress arising from his arrest and detention, his prior experiences involving arrest and detention, including those which ended favorably and whose records are therefore sealed, may be relevant to the damages determination the jury will be asked to make at trial." *Wilson v. City of New York*, No. 06-CV-229 (ARR) (VVP), 2006 U.S. Dist. LEXIS 90050, *1-*2 (E.D.N.Y. Dec. 13, 2006) ("Clearly, it could be credibly argued that one who has had a number of prior arrests and detentions is likely to have suffered less distress than one who has never before been detained."); *Cicero v. City of New York*, No. 11-CV-360 (NGG) (CLP), 2011 U.S. Dist. LEXIS 80880, *7 (E.D.N.Y. July 25, 2011) ("A person who has previously been incarcerated may suffer less damage as a result of a subsequent wrongful incarceration" than a person incarcerated for the first time.) (citations omitted).  Indeed, courts in this Circuit "have repeatedly found that, in false arrest cases, a plaintiff's criminal history is relevant" for the purpose of "assist[ing] the jury in assessing Plaintiff's emotional damages." *See Woolfolk v. Baldofsky*, No. 19-CV-3815 (WFK) (ST), 2022 WL 2600132, at *6 (E.D.N.Y. July 8, 2022) (citations omitted); *Ramos v. Cnty. of Suffolk*, 707 F. Supp. 2d 421, 424 (E.D.N.Y. 2010) (permitting the defendant to question the plaintiff about her prior arrests "because it affected the plaintiff's claim for emotional distress damages," but precluding the defendant from "go[ing] into what the reason for the arrest is."); *Derisse v. City of New York*, No. 12-CV-5192 (NGG) (MDG), 2013 U.S. Dist. LEXIS 113966, *2 (E.D.N.Y. July 9, 2012) (allowing discovery of the plaintiff's prior arrests because it "may lead to the discovery of admissible evidence concerning his claim for damages for emotional distress.").

4

By alleging emotional distress as a result of his purportedly false arrest, Plaintiff has made his prior arrests and convictions relevant to the claims and defenses in this action. Defendants therefore have the right to seek information related to Plaintiff's other arrests and convictions via the § 160.50 Release.

Further, having Plaintiff execute the § 160.50 Release is proportional to the needs of the case. In fact, apart from signing the release, Defendants will presumably obtain any prior arrest or conviction records directly from the pertinent county or state law enforcement agency, with little to no discovery burden on Plaintiff.

Finally, the two cases cited by Plaintiff in support of his position are inapposite to the present case. *See* Dkt. No. 20 at 2. Both *Phillips* and *Edwards* are decisions addressing parties' motions *in limine* prior to trial. Indeed, both decisions address whether evidence of a plaintiff's conviction and arrest history may be admissible at trial. *See Phillips*, 871 F. Supp. 2d at 207; *Edwards*, 2011 WL 2748665, at *3. Neither decision, however, addresses whether a plaintiff's conviction history or arrest history is discoverable. The Court need not determine whether evidence of any Plaintiff's prior arrests or convictions (if any) are admissible at this stage in the litigation; the only issue now is whether they are discoverable. And, in this case, they are.

## IV.   Conclusion

Accordingly, for the reasons set forth above, Plaintiff shall provide Defendants with the § 160.50 Release by June 16, 2025.

The Court will not, however, warn Plaintiff that failure to comply with this Order will result in dismissal of this action. Any such request is, at best, premature. The Court expects that the parties will comply with all Court orders.

5

The Court will address the parties' request for an extension of discovery, as well as discovery disputes surrounding Plaintiff's proposed Fed. R. Civ. P. 30(b)(6) depositions (*see* Dkt. No. 18), at the June 13, 2025 conference.

| | | |
|---|---|---|
| Dated: | Brooklyn, New York<br>June 6, 2025 | **SO ORDERED.**<br><br>   */s/ Joseph A. Marutollo*   <br>JOSEPH A. MARUTOLLO<br>United States Magistrate Judge |